IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>          PLAINTIFF,<br><br>v.<br><br>PAUL REVERE TRANSPORTATION, LLC,<br>          DEFENDANT. | Civil Action No.: 06 CA 12297 RCL |

## ANSWER

1. This is an introductory paragraph and therefore requires no response.

2. The defendant, Paul Revere Transportation, LLC, lacks sufficient knowledge to either admit or deny the allegations, if any, contained in paragraph 2 and calls upon the plaintiff to prove same.

3. The defendant calls upon the plaintiff to prove the allegations contained in paragraph 3.

4. The defendant calls upon the plaintiff to prove the allegations set forth in paragraph 4.

5. The defendant lacks sufficient knowledge to either admit or deny the allegations contained in paragraph 5 and calls upon the plaintiff to prove same.

6. The defendant states that it is a Limited Liability Company and states further that it has a usual place of business at Boston, County of Suffolk, Commonwealth of Massachusetts.  The defendant calls upon the plaintiff to prove the balance of the allegations, if any, contained in paragraph 6.

7. The defendant admits that it operates a transportation company from various locations within the Commonwealth of Massachusetts and otherwise. The defendant calls upon the plaintiff to prove the balance of the allegations, if any, contained in paragraph 7.

8. The defendant calls upon the plaintiff to prove the allegations, if any, contained in paragraph 8.

9. Paragraph 9 makes a statement of law and therefore is not required to either be admitted or denied. To the extent that paragraph 9 contains any factual allegations, the defendant calls upon the plaintiff to prove same.

10. The defendant admits that the plaintiff has accurately recited a portion of the Code of Massachusetts Regulations. To the extent any factual allegation is contained in paragraph 10, the defendant calls upon the plaintiff to prove same.

11. The defendant admits that it has a business location at Reading Street in Roxbury, Massachusetts. To the extent there are any further factual allegations contained in paragraph 11, the defendant calls upon plaintiff to prove same.

12. Paragraph 12 does not set forth a factual allegation and therefore no response is required. To the extent that a factual allegation is made in paragraph 12, the defendant calls upon plaintiff to prove same.

13. The defendant lacks sufficient knowledge to either admit or deny the factual allegations contained in paragraph 13 and therefore calls upon the plaintiff to prove same.

14. The defendant lacks sufficient knowledge to either admit or deny the factual allegations contained in paragraph 14 and therefore calls upon the plaintiff to prove same.

15. Paragraph 15 contains a conclusion of law and therefore no response is required. To the extent that a factual allegation is contained in paragraph 15, the defendant calls upon plaintiff to prove such factual allegations.

16. The defendant admits that on or about April 16, 2006, the EPA issued PRT a Notice of Violation purportedly pursuant to the authority of § 113(a)(1) of the Clean Air Act, 42 U.S.C. § 7413(a)(1), but denies the balance of the allegations, if any, contained in paragraph 16.

17. Paragraph 17 sets forth an allegation of law and not of fact. Therefore, no response is required from the defendant. To the extent that paragraph 17 sets forth a factual allegation, the defendant calls upon plaintiff to prove same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint must be dismissed due to plaintiff's failure to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint must be dismissed due to laches.

### THIRD AFFIRMATIVE DEFENSE

The Complaint must be dismissed in that the inaction of the plaintiff has prevented the defendant from mitigating its damages and the plaintiff has failed to mitigate damage.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint must be dismissed due to the Statute of Limitations.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint must be dismissed due to the plaintiff's failure to comply with the procedural prerequisites for brining this action.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint must be dismissed due to plaintiff's failure to plead with particularity.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint must be dismissed in that operation of the engine of the vehicle or vehicles in question was necessary and therefore no violation of the 310 CMR, Section 7.11(1)(b) occurred.

### EIGHTH AFFIRMATIVE DEFENSE

The defendant reserves the right to add additional Affirmative Defenses as determined through discovery.

THE DEFENDANT REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

Defendant, Paul Revere Transportation, LLC

By its Attorney,

/s/ Jonathon D. Friedmann

Jonathon D. Friedmann
BBO #180130
RUDOLPH FRIEDMANN LLP
92 State Street
Boston, MA 02109
(617) 723-7700

Dated:  March 2, 2007

## **CERTIFICATE OF SERVICE**

I, Jonathon D. Friedmann, hereby certify that I have this day served a true copy of the above document upon the opposing party by mailing a copy thereof to counsel of record this 2nd day of March, 2007.

/s/ Jonathon D. Friedmann

———————————————
Jonathon D. Friedmann