UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>     v.<br><br>PAUL REVERE TRANSPORTATION, LLC,<br><br>     Defendant. | Civil Action No. 06-cv-12297 RCL<br><br>The Honorable Reginald C. Lindsay |

<u>UNITED STATES' OPPOSITION TO PAUL REVERE TRANSPORTATION LLC'S
MOTION FOR SUMMARY JUDGMENT</u>

i

I.  <u>INTRODUCTION</u>

Paul Revere has moved for summary judgment in this matter on two grounds:  1) that the Massachusetts idling regulation, 310 C.M.R. 7.11(1)(b), is unconstitutionally vague; and 2) that the penalties allowed under Section 113 of the Clean Air Act ("CAA"), 42 U.S.C § 113, are excessive in violation of the Eighth Amendment.  Paul Revere's first argument – that the term "unnecessary" in the Massachusetts idling regulation violates the Due Process Clause of the Fourteenth Amendment because it is unconstitutionally vague – is jurisdictionally improper and lacks merit.  Paul Revere's second argument – that penalties under CAA Section 113, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, are excessive – similarly lacks merit.  Under Section 113, the United States may file a civil action to recover penalties of up to $32,500, but the penalty is not a mandatory minimum.  Rather, it is assessed by the Court based on a number of factors, including the seriousness of the offense, as outlined in CAA Section 113(e), 42 U.S.C. § 7413(e).  These penalties, since they are provided by Congress, cannot be deemed excessive as a matter of law.  Moreover, Defendant's conduct in this matter, with hundreds of violations over a number of years, is highly culpable, which is an important factor in this regard.

II.  <u>ARGUMENT</u>

A.     <u>Paul Revere's Argument that the Regulation in the State Implementation Plan is
       Unconstitutionally Vague is Jurisdictionally Improper and Meritless</u>

Paul Revere's first argument in support of its Motion for Summary Judgment is that the term "unnecessary" in the Massachusetts idling regulation violates the Due Process Clause of the Fourteenth Amendment because it is unconstitutionally vague.  However, this argument is jurisdictionally improper and lacks merit.

1

1.      <u>Paul Revere's Argument is Impermissible</u>

Paul Revere's attempt to challenge the Massachusetts idling regulation in this Court

through a motion for summary judgment violates the judicial review provision of the Clean Air

Act.  Section 307(b)(1) of the Act provides that a challenge to the approval of a state

implementation plan or to any other EPA action under the CAA that is "locally or regionally

applicable" must be filed in the United States Court of Appeals for the appropriate circuit.  42

U.S.C. § 7607(b)(1); <u>see</u> <u>also</u> <u>Harrison v. PPG Indus., Inc.</u>, 446 U.S. 578 (1980).  Moreover,

such an action must be filed within 60 days from the date on which the notice of the approval of

the SIP or other EPA action appears in the Federal Register.  <u>See</u> 42 U.S.C. § 7607(b)(1).  Under

Section 307(b)(2), challenges to final agency actions taken by EPA under the Act "shall not be

subject to judicial review in civil or criminal proceedings for enforcement" where review could

have been obtained under Section 307(b)(1).  42 U.S.C. § 7607(b)(2); <u>see also</u> <u>Harrison</u>, 446

U.S. at 605 ("Under § 307(b)(2) of the Clean Air Act, any agency action that was reviewable in

the courts of appeals cannot be challenged in an enforcement proceeding, whether or not review

was actually sought."); <u>Adamo Wrecking Co. v. United States</u>, 434 U.S. 275, 280 (1978) ("the

validity of [SIPs] may not be reviewed in the [enforcement] proceeding itself").

EPA published notice of its approval of the Massachusetts SIP, including the idling

regulation at issue here, in the Federal Register on May 31, 1972.  <u>See</u> 37 Fed. Reg. 10872.  In

accordance with Section 307(b)(1) of the Act, Paul Revere was required to file any challenge to

the provisions of the SIP in the First Circuit by no later than July 30, 1972.  Paul Revere cannot

now, 36 years later, attempt to challenge the idling regulation in a civil enforcement proceeding

in Federal District Court.  Thus, the vagueness portion of Paul Revere's Motion for Summary

Judgment should be dismissed for lack of jurisdiction.

      2.    <u>Paul Revere's Argument Also Lacks Merit</u>

In addition to its jurisdictional flaw, Paul Revere's vagueness argument lacks merit.  A law may violate the Due Process Clause of the Constitution if it is so vague that it does not "give the person of ordinary intelligence a reasonable opportunity to know what is prohibited" and "impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application." <u>Grayned v. City of Rockford</u>, 408 U.S. 104, 108-09 (1972); <u>see also</u> <u>Ridley v. Massachusetts Bay Transp. Authority</u>, 390 F.3d 65, 93 (1st Cir. 2004) (upholding ban on any advertisement that "demeans or disparages an individual or group of individuals" based on "prevailing community standards").  However, courts tolerate some uncertainty in statutes because "few words possess the precision of mathematical symbols, most statutes must deal with untold and unforeseen variations in factual situations, and the practical necessities of discharging the business of government inevitably limit the specificity with which legislators can spell out prohibitions." <u>Boyce Motor Lines v. United States</u>, 342 U.S. 337, 340 (1952) ("so far as practicable" and "where feasible" in criminal statute not impermissibly vague); <u>see also</u> <u>Ridley</u>, 390 F.3d at 93 (1st Cir. 2004) ("The mere fact that a regulation requires interpretation does not make it vague.").  Thus, "no more than a reasonable degree of certainty can be demanded" and it is not "unfair to require that one who goes deliberately close to an area of proscribed conduct shall take the risk that he may cross the line." <u>Boyce Motor Lines</u>, 342 U.S. at 340.  In fact, courts are hesitant to overturn a statute on the grounds of vagueness:

> "The strong presumptive validity that attaches to an Act of
> Congress has led this Court to hold many times that statutes are not

> automatically invalidated as vague simply because difficulty is
> found in determining whether certain marginal offenses fall within
> their language.  Indeed, we have consistently sought an
> interpretation which supports the constitutionality of legislation."

Parker v. Levy, 417 U.S. 733, 756-57 (quoting United States v. National Dairy Prods. Corp., 372 U.S. 29, 32-33 (1963) (citations omitted)).

Additionally, courts are less likely to overturn a statutory requirement as unconstitutionally vague when the law at issue:  1) does not impact constitutionally protected rights, such as free speech; 2) carries civil, as opposed to criminal penalties; or 3) involves economic regulation.  See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 498-99 (1982); United States v. Bay State Ambulance and Hosp. Rental Service, Inc., 874 F.2d 20, 32 (1st Cir. 1989).  If a requirement does not impact constitutionally-protected conduct, a court "should uphold the challenge only if the enactment is impermissibly vague in all of its applications."  Id. at 494-95.  "A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others."  Id. at 495; see also Parker v. Levy, 417 U.S. 733, 756 (1974) ("One to whose conduct a statute clearly applies may not successfully challenge it for vagueness."); Whiting v. Town of Westerly, 942 F.2d 18, 22 (1st Cir. 1991).

The Massachusetts idling regulation falls within all of the above-listed categories:  it does not impact constitutionally-protected rights; it carries civil, not criminal, sanctions[1]; and it is an

---

[1] While criminal penalties are available under the Clean Air Act, Section 113(c), the requirements for a criminal violation are distinct from those for a civil. 42 U.S.C. § 7413.

economic regulation.[2]  Morever, in support of its vagueness challenge, Paul Revere offers no

evidence that, at the time of the bus idling cited in the United States' complaint in this matter, it

believed such idling was necessary and, therefore, permissible under the regulation.  In fact, the

evidence demonstrates that Paul Revere knew such idling was unnecessary.  The vehicle

manuals for Paul Revere's buses, which Paul Revere produced during discovery in this action,

provide that the vehicles should idle for no more than five minutes before operation.  S.M.F. ¶

53-55.[3]  More importantly, Paul Revere's own employees understood that no more than five to

ten minutes of idling was necessary before a bus either was ready for use or shown to be in need

of maintenance.  S.M.F. ¶ 51, 69.  Richard Daley, the General Manager of Paul Revere, even

issued disciplinary warnings to two employees upon learning of the idling cited in the United

States' complaint.  S.M.F. ¶25, 29.  Paul Revere's vagueness challenge cannot stand because the

idling regulation clearly applied to its conduct, and Paul Revere apparently did not question its

application and treated it as such until the filing of this action.  Cf. Village of Hoffman Estates,

455 U.S. at 495; Parker, 417 U.S. at 756.

　　　Paul Revere's vagueness challenge further fails because the Massachusetts idling

regulation provides a "reasonable degree of certainty," Boyce Motor Lines, 342 U.S. at 340, and

a "reasonable opportunity to know what is prohibited," Grayned, 408 U.S. at 108-109.  The term

"unnecessary" is not confusing or complicated terminology, but rather, as stated in the United

---

[2]　　　The cases that Paul Revere cites, all but one of which are state court decisions,
addressing other regulatory requirements with the term "unnecessary" are inapplicable because
they all involved either First Amendment rights or criminal sanctions.

[3] S.M.F. refers to the United States' Statement of Material Facts filed in conjunction with the
United States Motion for Summary Judgment. (Docket # 29-3).

States Memorandum in support of its Motion for Summary Judgement, subject to a very common sense interpretation.  Webster's Third New International Dictionary defines "unnecessary" as "not necessary."  Ex. MM to United States Motion for Summary Judgment (Docket #29-16)(U.S. Mot. S.J.).  "Necessary" is defined by Webster in several ways, but the most appropriate definition is that which is "absolutely essential" or "absolutely required."  Id. In addition, the three exemptions in the regulation provide guidance regarding what is deemed as the "necessary" operation of a vehicle.  A reasonable operator can ascertain from the common understanding of "unnecessary" and the context of the regulation what idling is absolutely essential or required.[4]  See Maynard v. Cartwright, 486 U.S. 356, 361 (1988) (vagueness claim overcome "where reasonable persons would know that their conduct is at risk"); United States v. Buckalew, 859 F.2d 1052, 1054 (1st Cir. 1988) (holding that scope of solicitation statute is "self-evident"); Precious Metals Associates, Inc. v. Commodity Futures Trading Commission, 620 F.2d 900, 907 (1st Cir. 1980) ("The appropriate measure for testing a statute directed at a class of persons possessed of specialized learning is whether the 'language sufficiently conveys a definite warning as to the proscribed conduct, when measured by common understanding and commercial practice.'" (quoting United States v. Tehan, 365 F.2d 191, 198 (6th Cir. 1966))); United States v. Kennecott Copper, 523 F.2d 821, 824 (9th Cir. 1975) (Clean Water Act's prohibition on the discharge of oil "in harmful quantities" is "not unduly labyrinthine; indeed, it is simple as compared with some other statutory schemes carrying criminal penalties, such as the federal income tax statutes and regulations").  In fact, numerous federal regulations restrict

---

[4]     In the Village of Hoffman Estates opinion, the Supreme Court relied, in part, on the Webster's Dictionary definition of an allegedly vague word to conclude that a "business person of ordinary intelligence" would understand the term.  455 U.S. at 501.

activity that is "unnecessary."  See, e.g., 9 C.F.R. § 2.38(f) (regulation governing the handling of

animals at research facilities provides that such handling may not cause "unnecessary

discomfort"); 10 C.F.R. § 19.15(b) (regulation governing interviews of workers in nuclear

facilities provides that workers may inform inspectors of any conditions that may cause

"unnecessary exposure" to radiation); 28 C.F.R. § 552.22(h)(3) (regulation governing federal

prisons prohibits the use of prisoner restraints in a manner "that causes unnecessary physical

pain or extreme discomfort"); 29 C.F.R. § 1926.151(c)(3) (OSHA fire prevention regulations

provide that open storage areas should "be kept free from accumulation of unnecessary

combustible materials"); 33 C.F.R. § 207.20(k)(6) (regulation governing boat traffic in the Cape

Cod Canal provides that boats "must not obstruct navigation by unnecessarily idling at low

speed"); 36 C.F.R. § 228.108(a) (regulation providing that lessees of Forest Service land for oil

and gas exploration must conduct their operations in a manner that "prevents unnecessary or

unreasonable surface resource disturbance").

Finally, Paul Revere has demonstrated by its past operations, by the statements of its

corporate representatives and employees during the course of discovery in this litigation, and by

the arguments advanced in connection with its Motion for Summary Judgment that it is well

aware, and has been for some time, of what constitutes unnecessary idling in violation of the

regulation. [5] As noted above, Paul Revere's own employees understood what degree of idling

_____

[5] Paul Revere was put on notice of the idling regulation and its requirements, not once, but twice
from EPA and the City of Boston, and yet it never made any inquiries regarding any
misunderstanding of the regulations requirements.  United States' Response to Defendant's
Statement of Material Facts ¶ 54 ("U.S. Res. S.M.F.); see also McGowan v. Maryland, 366 U.S.
420, 428, 6 L. Ed. 2d 393, 81 S. Ct. 1101 (1961) ("We believe that business people of ordinary
intelligence . . . would be able to know what exceptions are encompassed by the statute either as
a matter of ordinary commercial knowledge or *by simply making a reasonable investigation*. . .

was necessary, and the applicable vehicle manuals provide the same information.  Paul Revere cannot argue honestly that the idling regulation is unconstitutionally vague when the concept of unnecessary idling is familiar to the transportation industry (e.g., through the bus manuals) and to its own employees.  See Precious Metals Assocs., Inc. v. Commodity Futures Trading Commission, 620 F.2d 900, 907 (1st Cir.1980) ("a court may uphold a statute which 'uses words or phrases having a technical or other special meaning, well enough known to enable those within its reach to correctly apply them'") (quoting Connally v. General Constr. Co., 269 U.S. 385, 391 (1926))).[6]

Moreover, in the context of this litigation, Paul Revere has argued that its practice of allowing buses to idle was necessary for various reasons.  For example, in its Interrogatory responses, Paul Revere stated that "the idling was necessary for pre-trip inspections, and/or to diagnose mechanical problems including but not limited to electrical problems, fuel leaks, and air leaks."  U.S. Mot. S.J., Ex. R (#4)(Docket #29-10).  Paul Revere also offers post-hoc explanations in connection with its Summary Judgment Motion for its practice of excessive idling.  See Defendant's Memorandum in Support of Motion for Summary Judgment at 11, 16-17 ("D. Mem.").  While those unsubstantiated statements in the context of litigation are insufficient to overcome the undisputed evidence that Paul Revere had no justification for its excessive idling,[7] they do show that Paul Revere was and is fully capable of understanding what

.")(emphasis added).

[6]    The argument that the idling regulation is too vague to understand what it requires is further undercut by the fact that Paul Revere now complies with the regulation.  See S.M.F. ¶ 74.

[7]    The United States' Memorandum in support of its Motion for Summary Judgment contains an extensive discussion of the undisputed evidence that Paul Revere's idling practice

is meant by the "unnecessary" operation of a vehicle.  Thus, Paul Revere's vagueness challenge

to the Massachusetts idling regulation lacks merit.

      B.    <u>Civil Fines Under the Clean Air Act Cannot Violate the Eighth</u>
             <u>Amendment</u>

      Defendant either wrongly asserts that penalties under the CAA provide for a mandatory

penalty, or mischaracterizes the United States complaint as seeking to impose a specific penalty

of $32,500 for each violation of the Massachusetts idling regulation.  Under Section 113 of the

CAA, as amended by the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, the

United States may file a civil action to recover penalties of *up to* $32,500.  The complaint in this

matter merely recites the statutory penalties available.  Given that no specific penalty has been

assessed against the Defendant, the Court cannot evaluate a claim for excessive fines, as it is not

ripe.  "Eighth Amendment challenges are generally not ripe until the imposition, or immediately

impending imposition, of a challenged punishment or fine."  <u>Cheffer v. Reno</u>, 55 F.3d 1517,

1523 (11th Cir. 1995); <u>see</u> <u>Kraebel v. Michetti</u>, 1994 U.S. Dist. LEXIS 11796, *31-32 (S.D.N.Y.

1994); <u>Infinity Outdoor Inc. v. City of New York</u>, 165 F. Supp. 2d 403, 431 (E.D.N.Y. 2001);

<u>United States v. Fleetwood Enterprises, Inc</u>., 689 F. Supp. 389, 392 (D. Del. 1988).   On this

basis alone, the Court should deny Defendant summary judgment on this claim.

      To the extent that Paul Revere is attempting to argue that penalties under the CAA are

per se unconstitutional, this argument also must fail.  The statutory penalty provision is

discretionary and assessed by the Court based on a number of factors, including the seriousness

of the offense, as outlined in Section 113(e), 42 U.S.C. 7413(e).  It is not clear that the Excessive

---

was unnecessary.  <u>See</u> Docket # 29-2.

Fines Clause of the Eighth Amendment even applies to civil penalties imposed under the CAA.
See United States v. Nevada Power Co., No. CV-S-87-861-RDF, 1990 WL 149660 at *4 (D.
Nev. June 1, 1990) (questioning "if" the Excessive Fines Clause applies to civil penalty
assessments under § 7413(b) of the CAA because they are aimed at protecting the public); cf.
United States v. Production Plated Plastics, Inc., 61 F.3d 904  (6th Cir. July 19, 1995) (refusing
to decide whether a civil penalty under the Resource Conservation and Recovery Act is subject
to the Excessive Fines Clause).

Secondly, the civil penalty the United States seeks to have assessed against the Defendant
is premised upon limits imposed by statute.  In United States v. Fleetwood Enterprises, Inc., 689
F. Supp. 389, 392 (D. Del. 1988), the United States sought to impose on the defendant the
maximum statutory penalty of $1,000 for each of the defendant's violations of the National
Manufactured Housing Construction and Safety Standards Act ("National Housing Act").  The
defendant asserted an Eighth Amendment affirmative defense, claiming that the fine sought to be
imposed was excessive.  The court struck the claim that the fine was per se unconstitutional,
concluding that even if the court assumed that the civil penalty fell under the Excessive Fines
Clause, it "cannot be unconstitutional on its face because it in no way mandates an excessive
fine."  Id.  Like in Fleetwood, the Clean Air Act sets a maximum penalty that may be assessed
against a party found liable, 42 U.S.C. § 7413(b), but then provides the Court a list of
discretionary factors before deciding the amount of the penalty to be assessed.  See 42 U.S.C. §
7413(e).  Indeed, counsel for the United States is not aware of a single case in which a
discretionary civil penalty has been found to violate the excessive fines clause.

Additionally, Courts have consistently held, even in the criminal context where the

Eighth Amendment undoubtedly attaches, that penalties falling within the statutory limit cannot be deemed to be per se excessive.  See, e.g., United States v. Complex Mach. Works Co., 83 F. Supp. 2d 1307, 1321 (Ct. Int'l Trade 1999) (noting that "even if the maximum penalty had been awarded, since the maximum amount falls within the statutory limit . . . the Court cannot declare that, as a matter of law, it is excessive") (internal quotation and citation omitted); United States v. Watson, No. 93-2541, 1994 WL 284541, at *1, 1994 U.S. App. LEXIS 16225, *3 (6th Cir. June 27, 1994) (unpublished); United States v. Eghbal, 475 F. Supp. 2d 1008, 1017 (C.D. Cal. 2007) (citations omitted).  Since the penalty sought by the United States is within the statutory limit, it cannot be deemed to be excessive per se.

The United States does not believe the Court need go any further in denying Defendant's Motion for Summary Judgment on the claim of excessive fines, and indeed should grant judgment to the United States regarding any per se violation of the Eighth Amendment. However, Defendant appears to be attempting to argue liability issues under the guise of the eighth amendment, and for this reason the United States is compelled to respond briefly.

Defendant cites to a number of factors from punitive damage cases under the Fourteenth Amendment and civil forfeiture cases.  However it is far from clear that these apply to civil penalties.  See United States v. Mackby, 339 F.3d 1013, 1016 (9th Cir. 2003). (The Court did not mandate the consideration of any rigid set of factors in deciding whether a punitive fine is "grossly disproportional" to the offense.).  Nonetheless, the United States briefly addresses these factors:[9]

---

[9]      The Ninth Circuit has analyzed the following factors for treble damage awards under the Federal Claims Act:  1) the severity of the offense and its relation to other criminal activity; 2) the maximum penalty faced; 3) the harm caused; and 4) whether the defendant falls within the

Paul Revere has a high degree of culpability, as illustrated by its own claims that its violations were either "mistakenly, unintentionally, and/or for good cause." D. Mem. at 15. The range of possibilities outlined by Paul Revere illustrates an important fact: As noted in the United States Motion for Summary Judgment Paul Revere has no evidence explaining why its vehicles were idling for lengthy periods of time (more than 6,000 documented minutes), in fact, an average of over 40 minutes per incident.[9] S.M.F. ¶ 17,18. The United States does not wish to waste the Court's time outlining what has already been established in its Motion for Summary Judgment. In its motion, Paul Revere relies solely on the testimony of an expert witness, Dr. Victor Wong, whose theoretical analysis regarding the length of idling necessary, as set out in the United States' Motion for Summary Judgment and in the United States concurrently filed Motion to Strike[10], is not supported by the facts of this case.

The United States does not believe a discussion of penalty specific factors such as culpability or harm is appropriate at this juncture, when the Court is not attempting to assess a penalty. However, the United States would briefly note that this is not Paul Revere's first violation, and Paul Revere has previously paid a penalty under Section 113 of the CAA for violating the same idling regulation, and evidence establishes a number of complaints at the facility S.M.F. ¶ 61, 63. A detailed discussion of Paul Revere's emissions is not necessary for an

class of persons targeted by applicable law. United States v Bourseau, 531 F.3d 1159, 1173 (9th Cir. 2008).

[9]     6,110 divided by 132 is approx 45 minutes.

[10]     As noted in the United States' Motion to Strike, the Court should strike Dr. Wong's testimony, as well as any portion of the Defendant's Motion for Summary Judgment which relies on Dr. Wong's testimony, because it fails to meet the standard set by the Supreme Court in Daubert v. Merrell Dow Pharmaceuticals, Inc, 509 U.S. 579 (1993).

analysis of the CAA penalty scheme under the excessive fines clause. The United States has

provided a response to Paul Revere's Statement of Facts which outlines some of the factual

mischaracterizations made by Paul Revere.[1] Lastly, the Massachusetts idling regulation is part

of the Massachusetts SIP, which is designed specifically by the State for "implementation,

maintenance, and enforcement" of air quality standards in each air quality region in the State,

and therefore public health.  42 U.S.C. § 7410;  see also, e.g., United States v. General Motors

Corp., 876 F.2d 1060, 1062 (1st Cir. Mass. 1989).  Paul Revere cites to a number of local and

state idling rules with no regard to whether those rules also are included in SIPs, or even

designed to protect public health and the environment.  Penalties under the Clean Air Act are

reasonable in light of penalties under other federal environmental statutes.  As amended by the

Debt Collection Improvement Act, penalties of up to $32,500 per violation per day are available

under, for example: the Toxic Substances Control Act, 15 U.S.C. §§ 2601-2692; the Clean Water

Act, 33 U.S.C. §§ 1251-1387; the Safe Drinking Water Act, 42 U.S.C. §§ 300f to 300j-26; the

Resource Conservation and Recovery Act, 42 U.S.C. § 6928(g); and the Emergency Planning

and Community Right-to-Know Act, 42 U.S.C. § 11045(a),(b) & (c).

      Since no penalty has been assessed, any comparisons to other laws or penalties is made in

---

[1]      One point of clarification worth noting is that Paul Revere states, without providing any
evidence, that it received a Merit Award from EPA for the use of the particulate  filters.  D. Mem
at 2, Ft. 1.  In fact, the Boston Medical Academic and Scientific Organization ("MASCO")
received the merit award to which Paul Revere referred.  Affidavit of Christine Sansevero.  A
Paul Revere employee also individually received an award with MASCO for the work with
MASCO.  Id.  Paul Revere has repeatedly stated throughout its Memorandum, without citing
support, that it voluntarily installed or used the particulate filters and Ultra Low Sulfur Diesel
fuel ("ULSD"). D. Mem. at 1, 22, 23.  However, EPA's understanding and a basis for the award,
is that MASCO underwrote the cost of the filters, and ULSD is required to be used with the
filters. Sansevero Aff.

a vacuum and is unreasonable.  The United States will not respond to an attempt to compare a

penalty that does not exist to other idling regulations or laws, and indeed does not believe they

are an applicable comparison to violations of the CAA.  However, it should be noted, Paul

Revere has selectively presented limited information on varying fines.  See  U.S. Res. S.M.F. ¶

17, 18, 72, 73.

Clearly, the discretionary penalty provisions under Section 113 of the Clean Air Act does

not violate the Eighth Amendment prohibition on excessive fines.[12]

VI.  CONCLUSION

For the reasons stated herein, the United States respectfully requests that the Court deny

Paul Revere's Motion for Summary Judgment.

Respectfully submitted,


RONALD J TENPAS
Assistant Attorney General
Environment and Natural Resources
Division
U.S. Department of Justice


 /s/Rachel A. Hankey
RACHEL A. HANKEY
Trial Attorney
Environmental Enforcement Section
Environmental and Natural Resources
Division

---

[12] To the extent, Paul Revere is attempting to argue that a particular penalty under the statutory maximum is excessive, despite no penalty having been imposed at this point, this claim is not ripe. See Cheffer v. Reno, 55 F.3d 1517, 1523 (11th Cir. 1995) ("Challenges under the Excessive Fines clause are . . . generally not ripe until the actual, or impending, imposition of the challenged fine.").

14

U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, DC  20044
(202) 514-4454
rachel.hankey@usdoj.gov


MICHAEL J. SULLIVAN
United States Attorney

GEORGE B. HENDERSON, II
Assistant U.S. Attorney
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3272
George.henderson2@usdoj.gov

OF COUNSEL:
GREG DAIN
Senior Enforcement Counsel
U.S. Environmental Protection Agency
One Congress Street
Boston, MA 02114
(617) 918-1777