UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
_____
UNITED STATES OF AMERICA

    Plaintiff,

    v.                                  06 CIV. 12297 (GAO)
                                        Order
PAUL REVERE TRANSPORTATION, LLC

    Defendant.
_____

WILLIAM G. YOUNG, United States District Judge.

    Plaintiff, the United States of America, and the defendant, Paul Revere Transportation LLC ("Paul Revere"), filed cross motions for summary judgment (Doc. Nos. 20, 29). For reasons stated on the record at the March 17, 2009 hearing, the Court denied the United States' motion for summary judgment and took Paul Revere's motion for summary judgment under advisement. The Court has carefully considered the law and the statements of fact and has decided that summary judgment is not appropriate in this case.

    The United States claims Paul Revere violated the Massachusetts anti-idling regulation, 310 CMR 7.11(1)(b), part of the federally enforceable state implementation plan approved by the Environmental Protection Agency ("EPA") under the Clean Air Act section 110, 42 U.S.C. § 7410. The Fourteenth Amendment's Due Process Clause "requires that statutes or regulations be sufficiently specific to provide fair notice of what they proscribe." Kittery Motorcycle, Inc. v. Rowe, 320 F.3d 42, 50

(1st Cir. 2003) (internal citations omitted). Here, defendant Paul Revere contends that the state anti-idling regulation is unconstitutionally vague because its prohibitory language contains the term "unnecessary," as an undefined qualifier. Where as here, "the first amendment is not implicated, a 'void for vagueness' challenge must be unconstitutional as applied to the defendant and 'must be examined in light of the facts of the case at hand.'" United States v. Barnes, 890 F.2d 545, 552 (1st Cir. 1989)(quoting United States v. Mazurie, 419 U.S. 544, 550, 95 S.Ct. 710, 714 (1975)). "Objections to vagueness under the Due Process Clause rest on the lack of notice, and hence may be overcome in any specific case where reasonable persons would know that their conduct is at risk." Maynard v. Cartwright, 486 U.S. 356, 361, 108 S.Ct. 1853, 1857-58 (1988). In light of the facts in the case at hand, Paul Revere may not successfully contest the idling ordinance under the vagueness doctrine. Paul Revere's affirmative defense, its contention that its employees' idling of the vehicles met statutory exemptions, tacitly acknowledges that Paul Revere was engaged in the restricted conduct. See Whiting v. Town of Westerly, 942 F.2d 18, 22 (1st Cir. 1991) (holding where plaintiffs clearly engaged in conduct that was proscribed by the statute, they could not contend that the statute was unconstitutionally vague on its face, nor did they have standing to challenge the statute as applied to hypothetical third

parties).  Accordingly, the Court denies Paul Revere's void for vagueness challenge.

In addition to its vagueness challenge, Paul Revere also brings an Eighth Amendment Excessive Fines Clause challenge contesting the proposed civil penalties, a fine of up to $32,500 per alleged idling regulation infringement pursuant the Clean Air Act, 42 U.S.C.A. § 7413(e).  The Eighth Amendment provides, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const., Amend VIII.  "The Excessive Fines Clause thus 'limits the government's power to extract payments, whether in cash or in kind, 'as punishment for some offense.'" U.S. v. Bajakajian, 524 U.S. 321, 328, 118 S.Ct. 2028, 2033 (1998)(citation omitted). Challenges brought under the Eighth Amendment Excessive Fines clause are "generally not ripe until the actual, or impending, imposition of the challenged fine." U.S. v. Emerson, 107 F.3d 77, 80 n.5 (1st Cir. 1997) (citation omitted).  No specific penalty has yet been assessed against Paul Revere.  Without the facts of a particular imposition or fine, the Court cannot decide whether a specific fine will be so excessive as to violate the Eighth Amendment.  Cheffer v. Reno, 55 F.3d 1517, 1523-24 (11th Cir. 1995) (holding appellants' pre-enforcement challenge under the Excessive Fines clause was unripe).  Therefore, the Court

denies Paul Revere's Eighth Amendment challenge as it is unripe.

The Court this day rules that Paul Revere's motion for summary judgment [Doc. No. 20] is DENIED as to all claims.

**SO ORDERED.**

**Dated:
April 14, 2009**

                                            /s/ William G. Young
                                            _____
                                            **WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE**