IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,           )
                                )
    v.                          )      C.A. NO.: 06 CA 12297 GAO
                                )
PAUL REVERE                     )
TRANSPORTATION, LLC             )      The Honorable George A. O'Toole Jr.
                                )
            Defendant.          )
                                )

## STIPULATION AND ORDER

WHEREAS, on December 26, 2006, Plaintiff, the United States of America ("United States"), on behalf of the United States Environmental Protection Agency ("EPA"), filed a complaint in this action ("Complaint") against Defendant, Paul Revere Transportation, L.L.C. ("Defendant"), pursuant to Section 113 of the Clean Air Act ("CAA"), 42 U.S.C. § 7413.

WHEREAS, the Complaint alleged that Defendant violated the federally enforceable motor vehicle idling regulation found at 310 Code of Massachusetts Regulations § 7.11(b).

WHEREAS, on June 8, 2009, at the conclusion of a jury trial in this matter on the issue of Defendant's liability, the jury returned a verdict in favor of the United States, which found Defendant liable for 234 separate violations of the CAA in connection with the operation of vehicles at Defendant's facility in Roxbury, Massachusetts ("Liability Finding").

WHEREAS, a bench trial is scheduled for August 10, 2009 in this matter to determine the civil penalty for Defendant's violations of the CAA.

WHEREAS, the United States and Defendant (collectively, the "Parties") agree that settlement of the remaining issues in this case, without further litigation, is in the public interest.

WHEREAS, Defendant, by entering into this agreement, does not admit any liability to the United States arising out of the transactions or occurrences alleged in the Complaint.

WHEREAS, the Parties further agree that the Court's approval of this Stipulation and Order ("Stipulation") is an appropriate means of resolving the remaining issues in this case.

NOW THEREFORE, with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED AND DECREED as follows:

1.     This Court has jurisdiction over the parties to, and the subject matter of, this action pursuant to 28 U.S.C. §§ 1331, 1345 and 1355, and Section 113(b) of the CAA, 42 U.S.C. § 7413(b). Venue is proper in this district under Section 113(b) of the CAA, 42 U.S.C. § 7413(b), 28 U.S.C. §§ 1391(b) and (c), and 1395(a). Defendant waives any and all objections it may have to the Court's jurisdiction, waives service of process in accordance with the requirements set forth in the Federal Rules of Civil Procedure, and, for purposes of this Stipulation, submits to the Court's jurisdiction.

2.     Defendant shall pay to the United States a total civil penalty in the amount of $650.000 ("Civil Penalty"), plus interest, as follows:

a.     No later than 30 days after the date on which this Stipulation and Order is approved and entered by the Court, Defendant shall pay to the United States the sum of at least $300.000.

b.     No later than 180 days after the date on which this Stipulation and Order is approved and entered by the Court, Defendant shall pay to the United States the remaining balance of the Civil Penalty ($650,000 minus whatever amount Defendant paid pursuant to

2

Paragraph 2.a), together with interest accruing from the date on which this Stipulation and Order is approved and entered by the Court. Interest shall be computed on the remaining balance of the Civil Penalty at the rate specified in 28 U.S.C. § 1961, as of the date on which this Stipulation is approved and entered by the Court.

3.    The payment shall be made by FedWire Electronic Funds Transfer ("EFT") in accordance with current electronic funds transfer procedures, referencing USAO File No. 2006v00846 and DOJ Case No. 90-5-2-1-08849. The payment shall be made in accordance with instructions provided to Defendant by the Financial Litigation Unit of the U.S. Attorney's Office for the District of Massachusetts. Any EFTs received at the DOJ lockbox bank after 11:00 a.m. Eastern Time will be credited on the next business day. Within five business days of payment, Defendant shall provide written notice of payment and a copy of any transmittal documentation to DOJ, EPA, and the U.S. Attorney's Office at the addresses below:

| | |
|---|---|
| As to DOJ: | Chief, Environmental Enforcement Section<br>Environment and Natural Resources Division<br>U.S. Department of Justice<br>P.O. Box 7611<br>Washington, D.C. 20044-7611<br>Re: DJ No. 90-5-2-1-08849 |
| As to EPA: | Christine Sansevero<br>Office of Environmental Stewardship<br>U.S. Environmental Protection Agency<br>New England Region<br>One Congress Street Suite 1100<br>Boston, Massachusetts 02114-2023<br>mail code SEA |
| As to EPA: | Greg Dain<br>Senior Enforcement Counsel<br>New England Region<br>One Congress Street Suite 1100<br>Boston, Massachusetts 02114-2023<br>U.S. Environmental Protection Agency<br>mail code SEL |

3

As to the U.S. Attorney's Office: Assistant U.S. Attorney
U.S. Attorney's Office
District of Massachusetts
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, Massachusetts 02210
Re: USAO No. 2006v00846

4. If the civil penalty is not fully paid when due, Defendant shall pay a stipulated penalty of $1,000 per day for each day that the payment is delayed beyond the due date. Further, Defendant shall pay interest on any overdue amount, from the original due date to the date of payment, at the rate specified in 28 U.S.C. § 1961. Further, Defendant shall be liable for costs, including costs of attorney time, incurred by the United States to collect any amount due under this Stipulation.

5. All payments required by this Stipulation are penalties within the meaning of Section 162(f) of the Internal Revenue Code, 26 U.S.C. § 162(f), and are not a tax deductible expenditure for purposes of federal law.

6. The payment by Defendant under this Stipulation shall constitute full settlement and satisfaction of the claims asserted by the United States in the Complaint.

7. The United States reserves, and this Stipulation is without prejudice to, all rights against Defendant with respect to all other matters not asserted by the United States in the Complaint, including, but not limited to, any criminal liability.

8. This Stipulation shall be lodged with the Court for a period of not less than 30 days for public notice and comment in accordance with 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Stipulation disclose facts or considerations indicating that the Stipulation is inappropriate, improper, or inadequate.

4

9.    This Stipulation will terminate when the Defendant has paid the civil penalty and any stipulated penalties and interest required by this Stipulation.

10.    Each party shall bear its own costs and attorneys' fees in this matter, except as provided in Paragraph 4, above.

11.    The undersigned representative of Defendant and the Assistant Attorney General of the Environment and Natural Resources Division or his or her designee each certify that he or she is fully authorized to enter into the terms and conditions of this Stipulation and to execute and legally bind Defendant and the United States, respectively, to it.

12.    Upon approval and entry of this Stipulation by the Court, this Stipulation shall constitute a final judgment of the Court as to the United States and Defendant pursuant to Fed. R. Civ. P. 54 and 58.

SO ORDERED this _11th_ day of _September_, 2009.

_____
United States District Judge

5

*United States v. Paul Revere Transportation, L.L.C.*, Civ. No. 06-12297, Stipulation and Order

**For Plaintiff The United States of America:**

8/3/09
Date

/s/ Ellen Mahan
ELLEN MAHAN
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20044-7611

8/3/09
Date

/s/ Rachel Hankey
RACHEL HANKEY
JEFFREY K. SANDS
Trial Attorneys
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C. 20044-7611

MICHAEL K. LOUCKS
United States Attorney

GEORGE B. HENDERSON, II
Assistant U.S. Attorney
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3272
George.henderson2@usdoj.gov

6

*United States v. Paul Revere Transportation, L.L.C.*, Civ. No. 06-12297, Stipulation and Order

   7/30/09                                 /s/ Susan Studlien
Date                                       SUSAN STUDLIEN
                                           Director
                                           Office of Environmental Stewardship
                                           U.S. Environmental Protection Agency
                                           New England Region 1
                                           One Congress Street Suite 1100
                                           Boston, Massachusetts 02114-2023

7

*United States v. Paul Revere Transportation, L.L.C.*, Civ. No. 06-12297, Stipulation and Order

**For Settling Defendant Paul Revere
Transportation, L.L.C.**:

  7/30/09          /s/ Richard Brown
Date              RICHARD BROWN
                  Treasurer
                  Alternate Concepts, Inc.
                  Managing Member of Paul Revere
                   Transportation, LLC
                  148 State Street, Suite 1100
                  Boston, MA 02109

8